*939 OPINION.
Green:
It must be apparent at the outset that the trustees had, during the years in question, the absolute right under the trust agreement to distribute all or any part of the trust fund or the income thereof. We have heretofore held in the Appeal of William E. Scripps, 1 B. T. A. 491, that discretion on the part of the trustees to distribute is not the sole test and that all of the facts and circumstances must be considered. In that appeal, as regards distribution, there were three classes of income, two of which the trustees were required to distribute and the third of which they were to distribute unless used for the benefit of the corporations named. In all classes of income the trustees in each year distributed the whole thereof.
The present appeals are in many respects similar to the Scripps Appeal. There are, however, several material differences.
While it is true that income from this trust was distributed every year, only in one year was the whole thereof distributed. As the income from the trust grew as the result, in part at least, of the withholding annually of a part of the earnings, the distributions to the beneficiaries increased. The earnings in no two years were the same. The percentage of the income distributed varied from year to year and the distribution was of a definite sum of money rather than of a definite percentage of the income of the trust. The trustees were called upon to determine the amount of the income which should be distributed, and in so determining they found it advisable and expedient from time to time to increase the amount distributed. In so doing they exercised the discretionary power vested in them by the trust agreement, and this, we take it, is the true test, and in this lies the distinction between these appeals and the Scripps Appeal, *940 where the discretionary power of the trustees lay dormant and un-exercised through all the years.
On behalf of the various beneficiaries it is argued that the share of each was held under a separate and distinct trust and that all of the income should be taxed to the owner thereof. A careful study of the trust instrument convinces us that this contention is unsound and without basis.
It is also argued that the Commissioner’s determination that the entire income of the trust should be taxed to the trustees results in inequality and hardship, in that had the same income been received by the beneficiaries as individuals the tax would have been materially lower. This Board has no power to equalize or reduce taxes and must determine cases in accordance with the statute. Congress alone can remedy the situation to which the taxpayers object. The income is not within the provisions of paragraph (4) of subdivision (a) of section 219, and the tax thereon must be paid by the fiduciaries.
Tetjssell and Phillips dissenting.